**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAD THOMAS, | No. 14-56462 |
| Plaintiff-Appellant, | D.C. No. 8:13-cv-00275-DOC-JPR |
| v. | |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Judge David O. Carter, Presiding

Submitted October 19, 2016[**]
Pasadena, California

Before: TALLMAN, PARKER,[***] and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Appellant Shad Thomas appeals from the denial of his motions for a new trial pursuant to Federal Rule of Civil Procedure 59 and attorneys' fees pursuant to California Code of Civil Procedure section 1021.5. His appeal follows a jury verdict in favor of appellee on Thomas's claims for violation of California Labor Code section 1102.5 and for unlawful termination in violation of public policy. On appeal, Thomas argues that the jury verdict was not supported by the weight of the evidence, that certain jury instructions were improper, and that his motion for attorneys' fees should have been granted. We have jurisdiction pursuant to 28 U.S.C. section 1291 and now affirm.

We review the district court's ruling on a Rule 59 motion on the grounds that a verdict is against the weight of the evidence for an abuse of discretion, and we reverse "'only where there is an *absolute absence of evidence* to support the jury's verdict.'" *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (quoting *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 957 (9th Cir. 1998)). We review de novo the district court's rulings as to: (i) challenges to statements of law within jury instructions, *Gantt v. City of Los Angeles*, 717 F.3d 702, 706 (9th Cir. 2013), and (ii) whether a party has met the criteria for attorneys' fees pursuant to

California Code of Civil Procedure section 1021.5, *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

The district court did not abuse its discretion in concluding that the jury's verdict was not against the weight of the evidence. We see no "*absolute absence of evidence.*" *Desrosiers*, 156 F.3d at 957. On the contrary, there was ample evidence for the jury to have concluded that Thomas was terminated for insubordination and not in retaliation for whistleblowing. Nor do we see errors in the two categories of jury instructions that Thomas challenges, which we conclude were in conformity with applicable law. California law allows "same decision" instructions in this context. *See Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302, 1319–24 (2016) (citing *Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013)). We also conclude that the district court's "business judgment" instructions were proper. *See generally Veronese v. Lucasfilm Ltd.*, 212 Cal. App. 4th 1, 20–24 (2012).

Finally, we conclude that Thomas was not entitled to attorneys' fees under a "catalyst" theory because his sought-after relief was entirely unrelated to the change in appellee's behavior that Thomas claims he effected. *See Graham v. DiamlerChrysler Corp.*, 34 Cal. 4th 553, 560 (2004) ("Under the catalyst theory,

attorney fees may be awarded even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, *and in the manner sought by*, the litigation." (emphasis added), *as modified* (Jan. 12, 2005)).

We have considered Thomas' remaining contentions and find them to be without merit.

Each party shall bear its own costs on appeal.

**AFFIRMED.**

4